## THE MARTHA.[1]

### STRAUS *et al. v.* THE MARTHA.

*(District Court, E. D. New York.* May 12, 1888.)

SHIPPING—LIABILITY FOR DAMAGE—EXPECTED DETENTION—OFFER TO PAY FREIGHT AND CHARGES AND SIGN AVERAGE BOND.

The steam-ship M. put into Halifax in distress, where she was detained for repairs from October until February. The consignee of glycerine on board of her, hearing of her probable detention, demanded delivery of the glycerine at Halifax, offering to pay the full freight under the bill of lading, together with all incidental expenses, and to sign a general average bond. This was refused, and on delivery of the cargo finally in New York, the glycerine was found damaged. *Held,* that the vessel was liable for the damage.

In Admiralty.

*Ullo, Ruebsamen & Hubbe,* for libelant.

*Hill, Wing & Shoudy,* for claimant.

BENEDICT, J. This is an action by the consignee of a consignment of glycerine to recover damages of the steam-ship Martha for a failure to perform a contract of affreightment. The Martha left the port of Havre, France, bound for New York, on the 17th of September, 1884, with a general cargo on board, including 127 barrels of crude glycerine, consigned to the libelant in New York. When a few days out from Havre her machinery broke down, and she was compelled to bear away for Halifax, being short of a sufficient supply of coal to enable her to reach New York. After thus bearing away, another accident happened, which rendered her machinery useless, and she was finally towed to Halifax, where she arrived about the 1st of October, 1884. It was then found necessary, in order to repair her engine, to have portions of the engine made in Europe, which accordingly was done. This detained the steamship in Halifax until the 14th day of February, 1885. She then sailed for New York, arriving in New York on the 17th day of February, 1885. With the exception of some cabbages, the whole cargo remained undisturbed in the hold of the steamer until she arrived in New York. As soon as the probability of a long detention of the steamer became known to the consignee of the glycerine, he applied to the owner of the steamer, through his agent in New York, for a delivery to him of the glycerine in Halifax, and offered to pay the full freight under the bill of lading, together with all incidental expenses, and to sign the ordinary average bond. This delivery the ship-owner refused to make, and the libelant thereupon notified the ship's agent in New York that he should hold the ship for any damages that might be sustained by the detention of the glycerine. When the ship arrived in New York it appeared that a large number of the barrels of glycerine were entirely empty, the glycerine having leaked out, and the glycerine that remained in the other barrels

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

had become deteriorated by reason of its having become mixed with the tar with which the barrels were coated. This .damage the libelant now seeks to recover of the steamer.

The demand for a delivery of the glycerine in Halifax, accompanied with a tender of payment of full freight, together with all incidental expenses, and an average bond, is testified to by the consignee who made the tender, and by the agent of the ship, through whom it was made. Against this testimony there is nothing, and I see no reason upon which to reject the evidence. The fact being found that the vessel, in October, put into Halifax, a port of distress, in need of repairs, that were not to be completed until the following February; that the consignee of the merchandise offered to take it in Halifax, and pay all the freight provided for in the bill of lading, together with all the expenses incident thereto, and to sign an average bond; and that the ship-owner, without a reasonable excuse refused to make such delivery, but, on the contrary, held the goods in the ship until her arrival at the port of New York,— the liability of the ship for all damages caused to the libelant by reason of the detention seems clear. Let a decree be entered in favor of the libelant, with a reference to ascertain the amount of his damages.